ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

January 12, 2011

The Honorable Richard J. Miller
Bell County Attorney
Post Office Box 1127
Belton, Texas 76513

Opinion No. GA-0834

Re: Whether a local governmental body subject to the Public Funds Investment Act, chapter 2256, Government Code, may invest in money market and other demand accounts   (RQ-0895-GA)

Dear Mr. Miller:

You ask whether a local governmental body subject to Government Code chapter 2256, the Public Funds Investment Act, may "invest" in money market deposit accounts or other demand accounts that are insured by the Federal Deposit Insurance Corporation.[1]

Chapter 2256 applies to various kinds of governmental bodies, among which is "a local government." TEX. GOV'T CODE ANN. § 2256.003(a)(1) (West 2008). A local government is specifically permitted to "purchase, sell, and invest its funds and funds under its control in investments authorized under this subchapter in compliance with investment policies approved by the governing body and according to the standard of care prescribed by Section 2256.006." Id. § 2256.003(a). Section 2256.009 lists various kinds of permissible investments, and other provisions of chapter 2256 describe other kinds of authorized investments, such as certificates of deposit, repurchase agreements, commercial paper, and mutual funds. See, e.g., id. §§ 2256.009, .010, .011, .013, .014. You suggest that "investments" in demand accounts may be permitted by a provision of section 2256.009 that lists, as one kind of authorized investment under chapter 2256,

> other obligations, the principal and interest of which are unconditionally guaranteed or insured by, or backed by the full faith and credit of, this state or the United States or their respective agencies and instrumentalities.

Id. § 2256.009(a)(4); Request Letter at 1–4.

We have found nothing in statutory or case law that would indicate that a demand account cannot be properly deemed an "other obligation" under section 2256.009 of the Government Code.

---

[1]Request Letter at 1 (available at http://www.texasattorneygeneral.gov).

Chapter 2256 specifically provides that "[t]he authority granted by this subchapter is in addition to that granted by other law." TEX. GOV'T CODE ANN. § 2256.024(a) (West 2008). In construing a statute, however, we are mindful that we must consider "the consequences of a particular construction." *Id.* § 311.023(5) (West 2005). The "other obligations" authorized as an investment by section 2256.009 must be insured by, inter alia, the "full faith and credit of . . . the United States." *Id.* § 2256.009(a)(4) (West 2008). Demand deposits, of the kind of which you inquire, are insured only to the maximum extent of federal law, which is at present $250,000. *See* Act of July 21, 2010, Pub. L. No. 111-203, § 335(a)(1),124 Stat. 1376, 1540 (2010) (to be codified at 12 U.S.C. § 1821(a)(1)(E)).[2]

You should also be aware that the kind of deposit of which you inquire is governed by chapter 2257, Government Code, the Public Funds Collateral Act. *See* TEX. GOV'T CODE ANN. § 2257.001 (West 2008) ("This chapter may be cited as the Public Funds Collateral Act."). "Deposit of public funds" under chapter 2257 "means public funds of a public entity that: (A) the comptroller does not manage under Chapter 404; and (B) are held as a demand or time deposit by a depository institution expressly authorized by law to accept a public entity's demand or time deposit." *Id.* § 2257.002. Demand accounts held for a local governmental body must be fully secured under chapter 2257 by collateral provided by the depository institution. *Id.* § 2257.021. At the request of a public entity other than a state agency, a depository for that entity is required to "deposit with a custodian a security pledged to secure a deposit of public funds." *Id.* § 2257.041(b) (West Supp. 2010). "A custodian holds in trust the securities to secure the deposit of public funds of the public entity in the depository pledging the securities." *Id.* § 2257.041(e).

Thus, while a local governmental body may "invest" its funds in money market deposit accounts under chapter 2256, Government Code, those funds are governed, when they exceed the maximum amount insured under federal law, by chapter 2257, Government Code.

---

[2]Your question appears to reflect a misunderstanding of the nature of an "investment." A "demand deposit," for purposes of the deposit of county funds, is defined as "a deposit of funds that may be withdrawn on the demand of the depositor." TEX. LOC. GOV'T CODE ANN. § 116.001(2) (West 2008). *See also* BLACK'S LAW DICTIONARY 504 (9th ed. 2009) (defining "demand deposit" as "a bank deposit that the depositor may withdraw at any time without prior notice to the bank"). The statutes authorizing deposits of county funds distinguish between the terms "deposit" and "investment." For example, a commissioners court "may direct the county treasurer to withdraw any county funds deposited in a county depository that are not immediately required to pay obligations of the county and invest those funds as provided by this section." TEX. LOC. GOV'T CODE ANN. § 116.112(a) (West 2008).

## S U M M A R Y

While a local governmental body may "invest" its funds in money market deposit accounts under chapter 2256, Government Code, the Public Funds Investment Act, those funds are governed, when they exceed the maximum amount insured under federal law, by chapter 2257, Government Code, the Public Funds Collateral Act.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee